UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 2732 (JMB) |
| | ) | |
| HALL HAULING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendant Hall Hauling's motion to stay and supplemental motion to dismiss or, in the alternative, to stay. Plaintiff BNSF Railway Company has filed responses in opposition and the issues are fully briefed. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This action arises from a collision between a commercial truck owned by Hall Hauling and a BNSF freight train, in which the driver of the truck died and the train derailed. Litigation is proceeding in both state and federal courts. Hall Hauling asks the Court to abstain from exercising jurisdiction, pursuant to <u>Colorado River Water Cons. Dist. v. United States</u>, 424 U.S. 800 (1976), and either stay this action or dismiss it outright.

**I.**     **Factual and Procedural Background**

On May 5, 2017, a BNSF freight train loaded with coal was proceeding southbound on a track near Foley, Missouri. Mr. Shanon Amerosa, an employee of Hall Hauling, had just picked up a truckload of rock at a mine operated by Magruder Limestone Company, Inc., and Magruder

Quarry and Equipment Co., LLC (collectively, "Magruder"). Mr. Amerosa departed from the quarry on a road that crossed the railroad tracks. He entered the railroad crossing and was struck by the BNSF train. The collision caused Mr. Amerosa's death, the destruction of Haul Hauling's truck, and the derailment of 30 loaded coal cars and a locomotive. [Docs. # 1 at ¶ 12; # 9-1 at ¶ 38; # 9-3 at ¶¶ 13-15].

On June 13, 2017, Mr. Amerosa's minor daughter filed a wrongful death action in the Circuit Court of Lincoln County, naming Magruder and BNSF.[1] <u>Amerosa v. Magruder Limestone Co., Inc., et al.</u>, Case No. 17L6-CC00072, Amended Petition [Doc. # 9-1] (the Lincoln County action). BNSF filed a counterclaim for property damage, alleging that Mr. Amerosa was at fault for the collision. [Doc. # 9-2]. The Lincoln County court dismissed BNSF's counterclaims because they were asserted against Mr. Amerosa, who was not the plaintiff in the suit, but granted BNSF leave to brings its claims in a third-party action. [Docs. # 13-1, # 13-2].

On November 1, 2017, Hall Hauling filed a motion to intervene in the Lincoln County action in order to assert a negligence claim against BNSF for the loss of its truck.[2] [Doc. # 9-3]. On November 17, 2017, rather than file a third-party action against Hall Hauling in the Lincoln County case, BNSF filed this diversity action alleging that Hall Hauling was vicariously liable for the alleged negligence of its employee and directly liable for his negligent training. Hall Hauling filed a motion to stay the federal action pending the Lincoln County court's decision on its motion to intervene, arguing that abstention under <u>Colorado River</u> would be warranted in the

---

[1] Ms. Amerosa alleges that the railroad crossing was designed, built, inspected, tested, and maintained by BNSF and Magruder Quarry and that it did not have any warning devices, gates, or flagmen at the time of this accident. [Doc. # 9-1 at ¶¶ 15-18].

[2] Hall Hauling also alleges that the railroad crossing was designed, built, inspected, tested, and maintained by BNSF and that it did not have any warning devices, gates, or flagmen at the time of this accident. [Doc. # 9-3 at ¶¶ 8-11].

federal case if it were allowed to intervene in the state case. BNSF opposed the motion to stay, arguing that the Court should not abstain under Colorado River, no matter the outcome of Hall Hauling's motion to intervene.

The state court granted Hall Hauling leave to intervene on January 10, 2018. BNSF filed an answer and counterclaim in which it asserts the same claims asserted in its complaint in this action. Hall Hauling has filed a supplemental motion in the federal action again arguing that abstention is warranted under Colorado River.

**II.    Discussion**

The Colorado River abstention doctrine permits federal courts to decline to exercise jurisdiction over cases where "parallel" state court litigation is pending. Spectra Commc'ns Grp., LLC v. City of Cameron, Mo., 806 F.3d 1113, 1121 (8th Cir. 2015) (quoting Cottrell v. Duke, 737 F.3d 1238, 1245 (8th Cir. 2013)). "This rule is based on 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Id. (quoting Colorado River, 424 U.S. at 817). Because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," Colorado River abstention is appropriate only in "exceptional circumstances" where the surrender of federal jurisdiction is supported by "the clearest of justifications." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25–26 (1983). In determining whether a specific case presents "exceptional circumstances," a court must "tak[e] into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." Colorado River, 424 U.S. at 818–19.

**A.    Parallel Actions**

"A parallel state court proceeding is a necessary prerequisite to use of the Colorado River factors." In re Burns & Wilcox, 54 F.3d 475, 477 (8th Cir. 1995). In the Eighth Circuit, it is not enough that the state and federal cases are based on the same general facts or subject matter and involve the same parties. Fru-Con Const. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009). Rather, there must be a "substantial likelihood that the state proceeding will fully dispose of the claims presented in federal court." Id. BNSF initially argued that the state and federal actions were not parallel because its negligence claims were raised only in the federal action. BNSF has now filed negligence counterclaims against Hall Hauling in the state court action and thus there is a substantial likelihood that the state court proceedings will fully dispose of the claims BNSF asserts against Hall Hauling in the federal action. The Lincoln County and federal proceedings are parallel.

### B. *Colorado River* Factors

Where parallel state and federal proceedings exist, the courts examine the following six factors to determine whether exceptional circumstances are present that warrant abstention:

> (1) whether there is a *res* over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc., 48 F.3d 294, 297 (8th Cir. 1995). These factors are not intended to be applied as a "mechanical checklist," but should be weighed "in a pragmatic, flexible manner with a view to the realities of the case at hand." Spectra Commc'ns, 806 F.3d at 1121 (quoting Moses H. Cone, 460 U.S. at 16, 21); see also Fru-Con Const. Corp., 574 F.3d at 534 (describing the six factors as "non-exhaustive"). The weight

4

given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Moses H. Cone, 460 U.S. at 16.

### 1. Whether there is a *res* over which one court has established jurisdiction

There is no *res* over which either court has established jurisdiction and this factor does not weigh into the "exceptional circumstances" determination.

### 2. The inconvenience of the federal forum

BNSF argues that this factor does not weigh in favor of abstention because Hall Hauling's counsel is located in St. Louis, Missouri, where the federal court is located. This fact does not take into account the convenience of parties and witnesses, for whom the state forum is more convenient. See Starmount Life Ins. Co., Inc. v. Neal, 4:08-CV-1317 (CAS), 2008 WL 5171304, at * 2 (noting that federal forum was less convenient to individual defendants who resided in county in which the state action was pending); Keating v. Univ. of S. Dakota, 386 F. Supp. 2d 1096, 1103 (D.S.D. 2005) (considering location of parties in addressing convenience factor). Foley, Missouri, where the collision occurred and Magruder is located, is about 20 miles from Troy, Missouri, where the Lincoln County court is located and Hall Hauling has its headquarters. The federal court in St. Louis is about 50 miles from Foley, Missouri. This distance is not so great as to be especially burdensome and, so, the Court finds that this factor is essentially neutral.

### 3. Whether maintaining separate actions may result in piecemeal litigation

The Supreme Court has made it clear that the desire to avoid piecemeal litigation is the predominant factor in the Colorado River analysis. Mountain Pure, LLC v. Turner Holdings, LLC, 439 F.3d 920, 926–27 (8th Cir. 2006) (citing Moses H. Cone, 460 U.S. at 16, 21). "[I]n situations involving the contemporaneous exercise of concurrent jurisdictions," the principles

underlying abstention rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (citation omitted). "[C]ourts are to apply the Colorado River factors in a practical manner to advance the clear federal policy of avoiding piecemeal adjudication . . . ." Windsong Enterprises, Inc. v. Eden Isle Corp., 210 F.3d 380 (8th Cir. 2000) (per curiam) (citation omitted) (affirming district court decision to abstain where identical claims were asserted in federal and state actions). The Eighth Circuit has "advanced this policy by favoring the most complete action." Federated Rural Elec. Ins. Corp., 48 F.3d at 298.

In this instance, the Lincoln County and federal actions involve the same issue: determining the comparative fault of Magruder and BNSF (for the condition of the crossing) and Hall Hauling (for the actions of its employee and his training).[3] The risk of piecemeal litigation is of "significant concern" in such a situation because "the federal and state courts could reach conflicting opinions on the same issues, which could cause unwarranted friction between state and federal courts . . . ." Spectra Commc'ns, 806 F. 3d at 1121 (internal quotation and citation omitted). It is also significant that the state court action includes negligence claims against Magruder, making it most complete action. See id. (finding that the state court action was more complete because it included all parties and claims). This factor weighs heavily in favor of abstention.

### 4. Which case has priority

The priority factor "stems from the familiar first-to-file rule, but has . . . developed to require an assessment not just of which case was filed first, but which has made more progress."

---

[3] A driver's negligent failure to stop at a railroad crossing does not foreclose recovery, if there is proof that the railroad company's negligence also contributed to cause the accident. Beal v. Kansas City S. Ry. Co., 527 S.W.3d 883, 887 (Mo. Ct. App. 2017).

6

BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir. 1995) (citing Moses H. Cone, 460 U.S. at 21-22). "The first-filed rule gives priority, when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings." Pace Const. Co. v. Travelers Cas. & Sur. Co. of Am., 259 F. Supp. 2d 934, 938 (E.D. Mo. 2003) (citation omitted); see also Kingland Systems Corp. v. Colonial Direct Financial Group, 188 F. Supp. 2d 1102, 1119 (N.D. Iowa 2002) (noting that court may consider the order in which jurisdiction was obtained by concurrent forums). It is a close call as to where the dispute between Hall Hauling and BNSF was "first filed:" Hall Hauling's potential liability was first raised in the Lincoln County action by means of BNSF's attempted counterclaim and Hall Hauling's motion to intervene, while the issue was properly pleaded first in BNSF's federal action. Regardless of which event triggers the "first-filed" rule, however, the Lincoln County action is more advanced, because discovery has begun and a scheduling order has been entered, while little progress has taken place in the federal action. Accordingly, this factor weighs substantially in favor of abstention.

    5. <u>Whether state or federal law controls</u>

  The parties assert state-law negligence claims against one another. "However, the presence of state law issues will weigh in favor of abstention only in rare circumstances." Federated Rural Elec. Ins. Corp., 48 F.3d at 299 (citing Moses H. Cone, 460 U.S. at 26). In this case, BNSF opposes abstention by arguing that the question of its liability will also be determined by the preemptive force of federal statutes governing rail safety, namely 49 U.S.C. § 20106 (addressing preemption), 23 U.S.C. § 130 (addressing railway crossings), and 49 U.S.C. § 10501 (addressing jurisdiction of the Surface Transportation Board). "[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of federal

jurisdiction]." Spectra Commc'ns, 806 F.3d at 1122 (quoting Moses H. Cone, 460 U.S. at 26). In this instance, however, BNSF has asserted the same preemption argument as an affirmative defense to Ms. Amerosa's claims in the Lincoln County action, thus requiring the state court to take up the analysis, regardless of whether this Court abstains from jurisdiction. The Eighth Circuit has held that the presence of a federal preemption issue is not necessarily determinative in assessing whether abstention is appropriate, particularly where the state court can resolve the federal issues. See id. (finding that federal preemption issue did not warrant reversal of abstention decision where the state court could resolve federal claims). This factor is neutral.

6. Adequacy of the state forum to protect the federal plaintiff's rights

"[T]here is no presumption that a state court is biased or otherwise inadequate to protect the federal plaintiff's rights." Bank of Okla., N.A. v. Tharaldson Motels II, Inc., 671 F. Supp. 2d 1058, 1066 (D.N.D. 2009) (quoting U.S. Fidelity & Guar. Co. v. Murphy Oil USA, Inc., 21 F.3d 259, 263 (8th Cir. 1994)). BNSF claims that it is faced with an untenable choice in the Lincoln County action; namely, it can pursue its property damage claim while defending against the wrongful death claim and look like a greedy corporation or waive its property damage claim and forego the opportunity to recover its damages. The Court does not believe that this kind of concern regarding litigation strategy is what this factor was intended to weigh. Rather, the inquiry is whether the state case includes all of the claims raised by the federal plaintiff in the federal action. See Federated Rural Elec. Ins. Corp., 48 F.3d at 299 (holding that state action addressing only one insurance policy did not adequately protect rights of federal plaintiff seeking declaration under several insurance policies); Wells Fargo Century, Inc. v. Hanakis, No. 04CV1381(SLT)(VVP), 2005 WL 1523788, at *11 (E.D.N.Y. June 28, 2005) ("[B]ecause the state case does not 'embrace' all of the issues asserted in the federal litigation, the state forum is

8

not necessarily adequate to protect plaintiff's rights"). Here, it is undisputed that the entirety of BNSF's claims can be addressed in the Lincoln County action. The Court concludes that this factor is neutral.

To summarize, the identical claims are presented in both the federal and state cases and the state case is more advanced. Of the Colorado River factors, factor one is irrelevant and factors two, five, and six are neutral, while factors three (piecemeal litigation/most complete action) and four (priority/most advanced action) strongly weigh in favor of abstention. The exercise of concurrent jurisdiction in this case would likely result in piecemeal litigation and waste of judicial resources. Furthermore, there is no indication either that the state court is incapable of resolving the dispute or that there is a countervailing federal interest that this court is more likely to enforce. Sisler v. West, 570 F. Supp. 1, 3 (S.D. Iowa 1983). The Court finds that the necessary justification for it to surrender its jurisdiction is presented here, Moses H. Cone, 460 U.S. at 25-26, and concludes that abstention under Colorado River is warranted.

As other courts have noted, "a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the Colorado River doctrine." Godfrey v. Branstad, 56 F. Supp. 3d 976, 986 (S.D. Iowa 2014) (citation omitted). Staying the federal proceeding assures that this forum is still available to BNSF in the event that the state proceeding does not prove to be "an adequate vehicle for the complete and prompt resolution of the issues between the parties." Id. (quoting Moses H. Cone, 460 U.S. at 28).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's supplemental motion to dismiss or stay the proceedings [Doc. # 19] is **granted.**

9

**IT IS FURTHER ORDERED** that this matter is **stayed** pending resolution of the parties' claims in the Lincoln County action.

**IT IS FURTHER ORDERED** that the parties shall file written notice in this case within fourteen days of the resolution of the state court proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court will administratively close this case pending further order of the Court.

**IT IS FURTHER ORDERED** that defendant's motion to stay proceedings [Doc. # 9] is **denied as moot**.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2018.